December 13, 1909.

No. 4833.

(Court of Appeal, Parish of Orleans.)

**JOSEPH BURK vs. MRS. ELIZABETH BURK,**

**(Widow of H. H. Ahlert.)**

John L. Feliu and E. C. Kelly for plaintiff and appellant.

E. M. Cahn and E. M. Robbert for defendant and appellee.

DUFOUR, J.—The plaintiff sues his sister to annul a sale made to her by their mother in 1896 of an immovable for the sum of seven hundred dollars.

The grounds for annulment are that the sale was a simulation and a donation in disguise, and that, as a donation, it was null and void because it divested the donor of all her property.

The defense is that the consideration for the transfer was her share of her father's succession, amounting to $205, due her by her mother for repairs and taxes, society dues for twelve years and cost of burial, amounting in the aggregate to over fourteen hundred dollars, and the care and support of her mother for the balance of her days.

The mother died ten years after. The parol evidence received to show the true consideration was admissible and substantially establishes the correctness of the allegations of the answer. (R. C. C., 1900.) Art. 2444, R. C. C., provides that "the sales of immovable property made by parents to their children may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the

price was below one-fourth of the real value of the immovables sold, at the time of the sale.''

The testimony shows that the property at the time of the sale was not worth as much as $700, that "it was in such terrible condition, the chimney was sinking, the foundation was sinking.''

In 1903, it required an expense of over $800, to make it habitable.

It has been held that, in a case like the one at bar, the contract is a donation **inter vivos**, with an onerous condition, and that such a donation can never be reduced below the expenses incurred by the donee to perform the charges; such expenses, here, amount to more than twice the value of the property.

### 39 An. 1070; 40 An. 229.

Even if, as suggested in one of the cases, we eliminate the expenses of boarding, lodging and providing for the donor as being incurred in obedience to the legal duty of the donee, and look upon payment of the taxes and repairs as compensated by the use of the property and the collection of the rent, the plaintiff's possession is not thereby improved.

### 40 An. 850.

The value of defendant's interest in her father's succession was $205, and the amount of certain bills (about $22), paid by her for her mother before the sale, constituted more than one-fourth of the value of the immovable, sold, at the time of sale.

It is also contended that, as the donation divested the donor of all her property, it was void for the whole.

### R. C., Art. 1497.

The answer to that contention is that this is an onerous donation, to which under **Article 1526, R. C. C.,** the rules peculiar to donations **inter vivos** do not apply, except

when the value of the object given exceeds by one-half that of the charges and services.

In the instant case, such charges and services largely exceed the value of the property.

The views expressed by us find ample warrant in the decisions at **40 An. 229 and 849,** which are in no manner affected by the cases cited by plaintiff's counsel.

We do not find that Act No. 5 of 1884 has any application; its only effect was to remove the limitation of the rights of forced heirs to the legitime, as provided by **Art. 2239, R. C. C.**

Judgment reversed, and plaintiff's demand is rejected at his costs in both courts.

December 13, 1909.

Rehearing refused March 21, 1910.

Writ denied by Supreme Court April 26, 1910.